# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: M.N.

No. 15-1033 (Wirt County 15-JD-1)

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner M.N., by counsel Reggie R. Bailey, appeals the Circuit Court of Wirt County's September 21, 2015, order placing her in a Level III juvenile facility after her admission to battery. The State, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in placing her in a Level III facility instead of in the home of a family member.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By admission agreement dated June 9, 2015, petitioner was found to be a juvenile delinquent based on her act of throwing a brick at an adult. According to petitioner's admission, the brick struck the victim in the head and caused severe and likely permanent injuries. In fact, the victim was in a coma for two weeks as a result of this incident. Petitioner acknowledged that her actions would constitute battery with a punishment of up to one year in jail and/or a fine of up to $500 if committed as an adult. In admitting to this offense, petitioner acknowledged that, after being adjudged as a delinquent, she could be placed in a secure facility, among other possible dispositions. At the time, petitioner was seventeen years old and her aunt was identified as one of her custodians. According to the West Virginia Department of Health and Human Resources ("DHHR"), petitioner's mother relinquished custody of petitioner to the aunt sometime in 2015.

Thereafter, the circuit court held a dispositional hearing in September of 2015, during which it admitted three reports regarding petitioner and heard the parties' positions. The reports in question, one from a juvenile probation officer, one from the DHHR, and one from the West Virginia Division of Juvenile Services, all recommended petitioner's placement in a Level III juvenile facility. Specifically, the juvenile probation officer's report based this recommendation on petitioner's significant and disruptive behavioral problems, prior instances of being taken into custody, and prior truancy petitions. The DHHR recommended placement in a Level III facility because it was in petitioner's best interests, based on her prior history. The West Virginia Division of Juvenile Services' report was based on a diagnostic evaluation performed on

1

petitioner that concluded that her best interests would be served by placing her in "at least a Level III facility . . . ." According to the diagnostic evaluation, such placement would "maximize [petitioner's] chances for a positive adulthood." This report also questioned petitioner's aunt's custody of petitioner. According to this report, the aunt was unable to obtain legal custody of petitioner because the victim of petitioner's crime lived in close proximity to the aunt. Moreover, the report included additional information regarding petitioner's mother and her status as a registered sex offender and noted that, despite the mother's ongoing legal issues, petitioner reported that she spent a significant amount of time with her mother. The report also included information regarding petitioner's history of fighting at school and characterized her current offense as "extremely violent."

Ultimately, after considering all the evidence before it, the circuit court found that petitioner required "extra-parental supervision which makes it contrary to the best interests and welfare of the child to continue to reside in her home . . . ." As such, the circuit court found that it was in petitioner's best interests to be placed in a Level III juvenile facility and that custody of petitioner be transferred to the DHHR. The circuit court also placed petitioner on probation until the age of nineteen. It is from this order that petitioner appeals.

Pursuant to West Virginia Code § 49-4-714(a)(5)(A), in determining the disposition of a juvenile delinquency proceeding, a circuit court

> [u]pon a finding that the best interests of the juvenile or the welfare of the public require it, and upon an adjudication of delinquency, . . . may commit the juvenile to the custody of the Director of the Division of Juvenile Services for placement in a juvenile services facility for the treatment, instruction and rehabilitation of juveniles. The court maintains discretion to consider alternative sentencing arrangements.

Accordingly, we have held that

> the standard of review with regard to a circuit court's sentencing order or disposition under W.Va.Code, 49-5-13 (2002) [now West Virginia Code § 49-4-714 (2015)], is whether the circuit court's ruling constitutes an abuse of discretion. *State v. Kirk N.*, 214 W.Va. 730, 741, 591 S.E.2d 288, 299 (2003), quoting *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 471, 269 S.E.2d 401, 416 (1980), ("discretionary" rulings of circuit courts at the dispositional stage in juvenile cases "should only be reversed where they are not supported by the evidence or are wrong as a matter of law"); *In the Interest of Thomas L.*, 204 W.Va. 501, 504, 513 S.E.2d 908, 911 (1998), (disposition in juvenile case held to be within the circuit court's "sound discretion"); *State ex rel. Department of Health and Human Resources v. Frazier*, 198 W.Va. 678, 683, 482 S.E.2d 663, 668 (1996), (circuit courts are "vested with discretion to select the appropriate disposition for a particular juvenile").

*State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005). Upon our review, we find no error in the circuit court's ruling below.

2

Simply put, petitioner has provided no support for her assertion that the circuit court erred. Petitioner can point to no facts in this case that establish an abuse of discretion by the circuit court, nor does she cite to any authority that would indicate the same. While she alleges that the circuit court abused its discretion in placing her in a Level III juvenile facility, petitioner fails to set forth any argument requiring the circuit court to place her with her aunt as she requested. Instead, petitioner relies solely on her assertions that she is a first-time offender and that placement in her aunt's home was a viable dispositional option. The Court, however, does not agree that the circuit court abused its discretion.

FILED

RORY E. PERRY II, CLERK
SUPREME COURT OF
APPEALS
OF WEST VIRGINIA

The record is clear that all three reports the circuit court considered recommended placement in a Level III juvenile facility. Moreover, petitioner's assertion that she is a first-time offender is not supported by the record, which clearly indicates that at least two prior truancy petitions were filed against her. Further, while she argues that placement in her aunt's home was the appropriate disposition, petitioner's diagnostic evaluation clearly indicated that the aunt "would like to have custody of [N.M.] but cannot . . . since the [a]unt has moved to the same trailer park where the offense took place and the victim still lives." While petitioner argues that this constitutes "a personal objection" to the placement and "not a legal basis for rejecting" the same, she cites to no evidence that placement in the aunt's home was appropriate. Although the circuit court's dispositional order indicated that the DHHR made reasonable efforts to facilitate permanency with a plan for reunification with her guardian, the order also identified a concurrent permanency plan of independent living. As such, it is unclear if the aunt's home was an approved placement for the child, especially considering the circuit court's disposition of placement in a juvenile facility.

Ultimately, the circuit court found that petitioner's best interests required such a placement and this finding cannot be said to constitute an abuse of discretion. Indeed, all the parties involved in evaluating petitioner recommended placement in a juvenile facility. Specifically, a social worker involved in the proceedings based this recommendation upon petitioner's "high risk for committing crimes as an adult . . . ." This disposition was also supported by petitioner's diagnostic evaluation, which concluded that petitioner required placement in "at least a Level III facility" due to her "ongoing disruptive behavior, her unstable family support system, the seriousness of her current offense . . ., and other risk factors." Based upon the substantial evidence below supporting the circuit court's findings, we find no error in its placement of petitioner in a Level III juvenile facility.

For the foregoing reasons, the circuit court's September 21, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II